STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-16-229


STATE OF MAINE

V.

**RESTITUTION ORDER**

WENDY GAGNE


The matter before the court is the State of Maine's Motion to Enforce Payment of Restitution dated June 23, 2016 and the Defendant's Motion to Dismiss dated January 20, 2017. A hearing on both motions was held on April 28, 2017, which included testimony from Diana York the restitution clerk with the Kennebec County District Attorney's Office, and the Defendant Wendy Gagne. Also admitted into evidence were the following exhibits: State's Exhibit 1 and Defendant's Exhibits 1-12. Based upon the evidence presented at the hearing and a review of the file in this case, and after consideration of the arguments made by the parties, the court makes the following findings of fact and conclusions of law.

## FINDINGS AND CONCLUSIONS

On October 3, 2002 the Defendant waived indictment to an information charging her with one count of Class B theft by deception of "over $400,000" of property belonging to Maine Pulp and Paper Association (MPPA), her former employer. She entered a not guilty plea on October 10, 2002, but changed her plea to guilty on October 30, 2002. The plea agreement was a "cap" agreement whereby the State could argue for 10 years, all but 5 years suspended with 4 years of probation and restitution, and the Defendant could argue for less incarceration. Sentencing was held on February 6, 2003. Both the prosecution and the defense

submitted written sentencing memoranda. Attorney Charles Einsiedler of the firm Pierce Atwood submitted a letter on behalf of the Board of Directors of MPPA.

The court (Studstrup, J.) sentenced the Defendant to 7 years, with all but 30 months suspended followed by 4 years of probation. As part of the judgment and commitment the sentencing court ordered the Defendant to make restitution in the amount of $400,000 for the benefit of the victim. As a condition of her probation, the Defendant was ordered to pay restitution in the "maximum" amount of $400,000 for the benefit of the named victim.

In his letter to the sentencing court, Attorney Einsiedler requested restitution for his client in the amount of $367,400, which represented the claimed theft of $400,000 minus payments already made by the Defendant to MPPA of $32,600. The State sought an identical amount of restitution. State's Exhibit 1 admitted at the hearing on April 28, 2017, reflects restitution payments by the Defendant while incarcerated and/or on probation totaling $15,317.39.

The court finds that the $400,000 restitution amount made part of the Defendant's judgment and her probation, was intended to be a maximum amount before application of any cash payments made by the Defendant to the victim. Accordingly, the court further finds that the Defendant has made cash payments totaling $47,917.39 ($32,600 + $15,317.39), leaving a balance of $352,082.61 prior to the application of any other credits to which the Defendant may be entitled as discussed below.

In his letter to the sentencing court dated January 29, 2003, Attorney Einsiedler made reference to three (3) properties owned by the Defendant in the central Maine area as to which the Defendant (and apparently her husband) granted the victim mortgages. At the hearing on April 28, 2017 the Defendant offered into evidence Defendant's Exhibits 1, 2 and 3 being recorded mortgage deeds on real estate in Pittston, Augusta and Gardiner, respectively, each dated January 31, 2003.

2

The Defendant testified that neither she nor her husband had any further ownership interest in these properties, and she had no knowledge or information about the properties at this time.

Counsel for the Defendant also raised the possibility that MPPA may have received an insurance settlement as a result of the Defendant's employee theft, but no details of any such payment was provided to the court. During a hearing on the State's Motion to Revoke the Defendant's Probation held on December 10, 2009 (Mills, J.) the Defendant presented several letters her counsel had sent to Attorney Einsiedler in 2009 seeking information regarding any insurance payments and/or any proceeds obtained from the foreclosure of the 3 properties that were the subject of the mortgage deeds identified as Defendant's Exhibits 1, 2 and 3. *See also* Defendant's Exhibits 1,2 and 3 to the Motion to Revoke and Defendant's Exhibit 4 to Motion to Enforce).[1] According to counsel for the Defendant, Attorney Einsiedler did not provide any information regarding insurance payments or any proceeds from the three parcels of real estate.

The Defendant's motion to dismiss is premised on two arguments. First, she contends that the State's earlier motion to revoke her probation for failure to pay restitution was denied and, thereafter, her probation terminated. Thus, she claims that her restitution obligation no longer exists. As explained on the record at the April 28, 2017 hearing, the court disagrees with this contention because the Defendant's obligation to make restitution was part of the sentencing judgment, in addition to being a condition of her probation. *See* 17-A M.R.S. §§1326-A, 1326-F and 1329.

---

[1] In a letter dated June 19, 2009 (Defendant's Exhibit 2 to Motion to Revoke) counsel for the Defendant outlined the foreclosure proceedings on each of the properties. It is not known how much, if any, proceeds MPPA realized as a result of those foreclosure actions.

Secondly, the Defendant maintains that earlier this year the Maine Pulp and Paper Association dissolved as a nonprofit corporation. *See* Defendant's Exhibits 5, 6 & 7. Thus, the Defendant argues, there is no longer a victim for whose benefit restitution must be paid. The Maine Criminal Code does not appear to clearly address this issue. Nevertheless, the court concludes that the corporation's entitlement to restitution from the Defendant is an asset of the corporation and the directors of the corporation, as liquidating trustees, have the authority to dispose of any undistributed property of the corporation. *See* 13-B M.R.S. §§1111(2) and 1104(1)(D) & (2).

For the reasons stated on the record of the April 28, 2017 hearing, the Defendant's motion to dismiss the State's motion to enforce restitution is denied.[2]

The Defendant further argues that it is the State's responsibility and burden to account for any other payments received by the victim from some collateral source, such as insurance or from the proceeds of the sale of the three mortgaged properties. The court agrees that it is the State's initial burden of proving "the extent of the victim's loss." *State v. Berube,* 1997 ME 165, ¶ 19, 698 A.2d 509. On that issue the State has satisfied its burden. In the court's view, it is the Defendant's burden to present evidence that she should be credited with additional amounts that may have been subsequently paid to the victim from a collateral source or from the sale of the three parcels of mortgaged real estate.[3]

---

[2] The court would note that 17-A M.R.S. §1325(2)(A) provides that restitution is not authorized without the victim's consent. Presumably, the directors of the now dissolved MPPA could determine that it no longer wishes to receive restitution from the Defendant. The court is not aware that the authorized persons of the corporation have taken such an action. *See also* 17-A M.R.S. §1324(2)(restitution may be authorized for "[t]he county where the offense was prosecuted if the victim voluntarily refuses restitution. . . .")

[3] The court has scheduled a follow-up hearing for June 30, 2017 at 10:00 am if there is a need to take additional evidence relevant to the issue of whether the victim has received compensation from a collateral source or has received any proceeds from the mortgaged real estate.

During her testimony on April 28, 2017 the stated that based on her current income and financial resources she has the ability to pay $200 per month towards restitution.

Based upon the foregoing, the court finds that the Defendant is in default of her obligation to make restitution and further finds that the default was not inexcusable. IT IS ORDERED, that the Defendant shall pay restitution for the benefit of the victim as follows: up to the amount of $352,082.61 in payments of $200 per month beginning in May, 2017, to be paid to the Office of the District Attorney, 95 State Street, Augusta, Maine 04330.

FAILURE TO OBEY THIS COURT ORDER MAY SUBJECT YOU TO PENALITIES INCLUDING CONFINEMENT OF UP TO SIX MONTHS IN A COUNTY JAIL. *SEE* 17-A M.R.S. §1330.

## CONCLUSION

For the foregoing reasons, the entry is:

State of Maine's Motion to Enforce Restitution is GRANTED.

Defendant's Motion to Dismiss is DENIED.

Dated: May 4, 2017.

William R. Stokes
Justice, Superior Court

STATE OF MAINE
      vs
WENDY  GAGNE
31 HUTCHINSON DRIVE
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2002-00316

DOB: 05/24/1973
Attorney: ROBERT SANDY                        State's Attorney: DAVID CROOK
          SHERMAN & SANDY
          74 SILVER ST
          PO BOX 499
          WATERVILLE ME 04903-0499
          RETAINED 04/06/2009

Filing Document: INFORMATION                 Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 10/01/2002

## Charge(s)

1   **THEFT BY DECEPTION**                          03/31/2002 AUGUSTA
Seq 4784  17-A  354(1)                 Class B

## Docket Events:

10/01/2002 FILING DOCUMENT -  INFORMATION FILED ON 10/01/2002

           FILING DOCUMENT -  INFORMATION APPROVED ON 10/01/2002

10/01/2002 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 10/10/2002 at 08:30 a.m.

           NOTICE TO PARTIES/COUNSEL
10/10/2002 Charge(s): 1
           HEARING -  ARRAIGNMENT HELD ON 10/10/2002 at 08:30 a.m.
           S KIRK STUDSTRUP , JUSTICE
           Attorney:  M MURPHY
           DA:  PAUL RUCHA          Reporter: PHILIP GALUCKI
           Defendant Present in Court

           READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
           DEFENDANT.  21 DAYS TO FILE MOTIONS, STATE DEFERRED BAIL AT THIS TIME.
10/10/2002 Charge(s): 1
           REQUEST -  WAIVER OF INDICTMENT FILED ON 10/10/2002

10/10/2002 Charge(s): 1
           REQUEST -  WAIVER OF INDICTMENT APPROVED ON 10/10/2002
           S KIRK STUDSTRUP , JUSTICE
           IN OPEN COURT
10/10/2002 Charge(s): 1
           PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 10/10/2002
           S KIRK STUDSTRUP , JUSTICE
           Attorney:  M MURPHY
           DA:  PAUL RUCHA          Reporter: PHILIP GALUCKI
           Defendant Present in Court

STATED DEFERRED BAIL AT THIS TIME
10/10/2002 Charge(s): 1
PLEA - NOT GUILTY ACCEPTED BY COURT ON 10/10/2002

10/10/2002 HEARING - RULE 11 HEARING SCHEDULED FOR 10/30/2002 at 08:30 a.m.

NOTICE TO PARTIES/COUNSEL
10/30/2002 HEARING - RULE 11 HEARING HELD ON 10/30/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: M MURPHY
DA: PAUL RUCHA
Defendant Present in Court

READING WAIVED
10/30/2002 Charge(s): 1
PLEA - GUILTY ENTERED BY DEFENDANT ON 10/30/2002 at 01:00 p.m.

10/30/2002 Charge(s): 1
PLEA - GUILTY ACCEPTED BY COURT ON 10/30/2002

10/30/2002 Charge(s): 1
FINDING - GUILTY ENTERED BY COURT ON 10/30/2002

10/30/2002 Charge(s): 1
FINDING - GUILTY CONT FOR SENTENCING ON 10/30/2002

10/31/2002 OTHER FILING - FORENSIC REPORT ORDERED ON 10/30/2002
S KIRK STUDSTRUP , JUSTICE
FORENSIC REFERRAL ORDER FORM, COPY OF INDICTMENT, AND DOCKET RECORD FAXED TO LORI DAY AT
STATE FORENSIC.; EXAMINATION IS SCHEDULED FOR NOVEMBER 13, 2002 AT 9:00 A.M. ON AMHI
CAMPUS, AUGUSTA, ME.  DEFENDANT FAILED TO APPEAR FOR THIS APPOINTMENT.  LORI DAY WILL
RESCHEDULE THE APPOINTMENT.  NEW APPT. SCHEDULED FOR 11/25/02 AT 9:00.
10/31/2002 BAIL BOND - UNSECURED BAIL BOND SET BY COURT ON 10/30/2002
S KIRK STUDSTRUP , JUSTICE
10/31/2002 BAIL BOND - UNSECURED BAIL BOND COND RELEASE ISSUED ON 10/30/2002

10/31/2002 BAIL BOND - $5,000.00 UNSECURED BAIL BOND FILED ON 10/30/2002

Bail Amt: $5,000
Date Bailed: 10/30/2002

## Conditions of Bail:
Report to attorney forthwith and as thereafter directed.

Counseling Other: CONTINUE WITH COUNSELING

Report:REPORT TO ATTORNEY BY PHONE OR IN PERSON ON A WEEKLY BASIS

Other:COOPERATE WITH PREPARATION OF PRESENTENCE INVESTIGATION REPORT AND FORENSIC EVALUATION.
12/17/2002 HEARING - SENTENCE HEARING SCHEDULED FOR 01/08/2003 at 01:00 p.m.

NOTICE TO PARTIES/COUNSEL
12/17/2002 HEARING - SENTENCE HEARING NOTICE SENT ON 12/18/2002

12/17/2002 Party(s): WENDY GAGNE
           ATTORNEY - RETAINED ENTERED ON 10/01/2002

           Attorney: M MURPHY
12/30/2002 OTHER FILING - FORENSIC REPORT FILED ON 12/30/2002

           COPIES TO PARTIES/COUNSEL
01/03/2003 MOTION - MOTION TO CONTINUE FILED BY STATE ON 01/03/2003

01/06/2003 MOTION - MOTION TO CONTINUE GRANTED ON 01/03/2003
           S KIRK STUDSTRUP , JUSTICE
           COPIES TO PARTIES/COUNSEL
01/10/2003 HEARING - SENTENCE HEARING CONTINUED ON 01/03/2003

01/10/2003 HEARING - SENTENCE HEARING SCHEDULED FOR 02/06/2003 at 08:30 a.m.

           NOTICE TO PARTIES/COUNSEL
01/10/2003 HEARING - SENTENCE HEARING NOTICE SENT ON 01/10/2003

01/31/2003 OTHER FILING - VICTIM IMPACT STATEMENT FILED ON 01/31/2003

           VICTIM ADVOCATE MARLA MORGAN FILES STATEMENTS FROM LINDA CAPRARA AND CHARLES EINSIEDLER,
           ESQ., ON BEHALF OF MAINE PULP AND PAPER.
02/21/2003 OTHER FILING - SENTENCING MEMORANDUM FILED BY STATE ON 02/05/2003

           DA: EVERT FOWLE
02/21/2003 OTHER FILING - SENTENCING MEMORANDUM FILED BY DEFENDANT ON 02/05/2003

           Attorney: M MURPHY
02/21/2003 Charge(s): 1
           HEARING - SENTENCE HEARING HELD ON 02/06/2003
           S KIRK STUDSTRUP , JUSTICE
           Attorney: M MURPHY
           DA: EVERT FOWLE           Reporter: PHILIP GALUCKI
           Defendant Present in Court
02/21/2003 Charge(s): 1
           RULING - ORIGINAL ORDERED ON 02/06/2003
           S KIRK STUDSTRUP , JUSTICE
           Attorney: M MURPHY
           DA: EVERT FOWLE           Reporter: PHILIP GALUCKI
           Defendant Present in Court
           It is adjudged that the defendant is guilty of 1 THEFT BY DECEPTION 17-A 354(1) Class B as
           charged and convicted.

           The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 7 year(s).

           It is ordered that all but 30 month(s) of the sentence as it relates to confinement be
           suspended.

           It is ordered that the defendant be placed on a period of probation for a term of 4 year(s) upon
           conditions attached hereto and incorporated by reference herein.

Said Probation to commence after completion of the unsuspended term of imprisonment.

It is ordered that the defendant forfeit and pay the sum of $400000.00 as restitution through Probation.

$ 25 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 25.00.**

## Special Conditions of Probation:

1. refrain from all criminal conduct and violation of federal, state and local laws.
2. report to the probation officer immediately and thereafter as directed and within 48 hours of your release from jail.
3. answer all questions by your probation officer and permit the officer to visit you at your home or elsewhere.
4. obtain permission from your probation officer before changing your address or employment.
5. not leave the State of Maine without written permission of your probation officer.
6. maintain employment and devote yourself to an approved employment or education program.
7. not possess or use any unlawful drugs and not possess or use alcohol.
8. identify yourself as a probationer to any law enforcement officer if you are arrested, detained or questioned for any reason and notify your probation officer of that contact within 24 hours.
9. waive extradition back to the State of Maine from any other place.
10. not own, possess or use any firearm or dangerous weapon if you have ever been convicted of a crime in any jurisdiction with a potential penalty of one year or more or any crime involving domestic violence or the use of a firearm or dangerous weapon.
11. pay to the Department of Corrections a supervision fee of $        10.00 per month.

12a. provide a DNA sample if convicted of applicable offense listed in 25 MRSA Section 1574. pay restitution as stated earlier.

NOT HANDLE MONEY OTHER THAN HER OWN.
02/21/2003 Charge(s): 1
RULING - ORIGINAL ISSUED ON 02/06/2003
S KIRK STUDSTRUP , JUSTICE
Attorney:  M MURPHY
DA:  EVERT FOWLE        Reporter: PHILIP GALUCKI
Defendant Present in Court

DEFENDANT ACKNOWLEDGES RECEIPT
02/21/2003 HEARING - SENTENCE HEARING HELD ON 02/06/2003
S KIRK STUDSTRUP , JUSTICE
Attorney:  M MURPHY
DA:  EVERT FOWLE        Reporter: PHILIP GALUCKI
Defendant Present in Court
02/21/2003 BAIL BOND - UNSECURED BAIL BOND COMMITMENT ISSUED ON 02/06/2003

Date Bailed: 10/30/2002
02/21/2003 Charge(s): 1
ABSTRACT - SBI EDI ON 02/21/2003

LAST EDI SENT: 02/21/2003 21:24:35
03/17/2009 FILING DOCUMENT - FIRST MOTION PROB REVOCATION FILED ON 03/17/2009

TOGETHER WITH AFFIDAVIT IN SUPPORT OF PC

03/17/2009 Charge(s): 1
HEARING - PV INITIAL APPEARANCE SCHEDULED FOR 04/14/2009 at 08:15 a.m.

03/17/2009 SUMMONS/SERVICE - PROBATION REVOCATION SUMMONS FILED ON 03/17/2009

04/06/2009 Party(s): WENDY GAGNE
ATTORNEY - WITHDRAWN ORDERED ON 04/06/2009

Attorney: M MURPHY
04/06/2009 Party(s): WENDY GAGNE
ATTORNEY - RETAINED ENTERED ON 04/06/2009

Attorney: ROBERT SANDY
04/14/2009 Charge(s): 1
HEARING - PV INITIAL APPEARANCE HELD ON 04/14/2009
NANCY MILLS , JUSTICE
Reporter: TAMMY DROUIN
Defendant Present in Court
04/14/2009 Charge(s): 1
PLEA - DENY ENTERED BY DEFENDANT ON 04/14/2009

04/14/2009 Charge(s): 1
HEARING - PROBATION REVOCATION SCHEDULED FOR 06/10/2009 at 08:30 a.m.

04/14/2009 Charge(s): 1
HEARING - PROBATION REVOCATION NOTICE SENT ON 04/14/2009

04/14/2009 BAIL BOND - $1,000.00 UNSECURED BAIL BOND SET BY COURT ON 04/14/2009
NANCY MILLS , JUSTICE
Reporter: TAMMY DROUIN
ABIDE BY CONDITIONS OF PROBATION
04/14/2009 BAIL BOND - $1,000.00 UNSECURED BAIL BOND FILED ON 04/14/2009

Bail Amt: $1,000
Date Bailed: 04/14/2009
04/14/2009 BAIL BOND - UNSECURED BAIL BOND COND RELEASE ISSUED ON 01/14/2009

04/14/2009 BAIL BOND - UNSECURED BAIL BOND BAIL RELEASED ON 04/14/2009

Date Bailed: 10/30/2002
06/04/2009 HEARING - PROBATION REVOCATION SCHEDULED FOR 06/18/2009 at 10:00 a.m.

06/04/2009 HEARING - PROBATION REVOCATION NOTICE SENT ON 06/04/2009

06/10/2009 Charge(s): 1
HEARING - PROBATION REVOCATION CONTINUED ON 06/10/2009

06/18/2009 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 06/18/2009

06/23/2009 MOTION - MOTION TO CONTINUE GRANTED ON 06/22/2009
JOHN NIVISON , JUSTICE

06/23/2009 HEARING - PROBATION REVOCATION CONTINUED ON 06/22/2009
          JOHN NIVISON , JUSTICE
06/23/2009 HEARING - PROBATION REVOCATION SCHEDULED FOR 12/09/2009 at 02:15 p.m.

06/23/2009 HEARING - PROBATION REVOCATION NOTICE SENT ON 06/23/2009

12/09/2009 HEARING - PROBATION REVOCATION CONTINUED ON 12/09/2009

12/09/2009 HEARING - PROBATION REVOCATION SCHEDULED FOR 12/10/2009 at 08:30 a.m.

12/10/2009 BAIL BOND - UNSECURED BAIL BOND BAIL RELEASED ON 12/10/2009

          Date Bailed: 04/14/2009
12/10/2009 HEARING - PROBATION REVOCATION HELD ON 12/10/2009
          NANCY MILLS , JUSTICE
          Attorney: ROBERT SANDY
          DA: PAUL RUCHA
          Defendant Present in Court

          TAPE# 1263, INDEX#3996-5800
12/10/2009 Charge(s): 1
          FINDING - PROBATION NOT VIOLATED ENTERED BY COURT ON 12/10/2009

12/10/2009 BAIL BOND - UNSECURED BAIL BOND RELEASE ACKNOWLEDGED ON 12/10/2009

          Date Bailed: 04/14/2009
12/10/2009 Charge(s): 1
          ABSTRACT - SBI SUPPLEMENTAL EDI ON 12/10/2009

          LAST EDI SENT: 12/10/2009 21:01:12

          LAST EDI SENT: 12/10/2009 21:01:12
07/08/2016 MOTION - MOTION ENFORCE PMT RESTITUTION FILED BY STATE ON 06/24/2016

07/08/2016 HEARING - MOTION ENFORCE PMT RESTITUTION SCHEDULED FOR 07/26/2016 at 02:00 p.m. in Room No. 1

07/08/2016 HEARING - MOTION ENFORCE PMT RESTITUTION NOTICE SENT ON 07/08/2016

07/28/2016 HEARING - MOTION ENFORCE PMT RESTITUTION FTA ON 07/26/2016
          DONALD H MARDEN , JUSTICE
07/28/2016 BAIL BOND - $384,682.61 CASH BAIL BOND SET BY COURT ON 07/26/2016
          DONALD H MARDEN , JUSTICE
          FTA FOR MOTION TO ENFORCE RESTITUTION PAYMENTS, CASH BAIL, NO 3RD PARTY
07/28/2016 Charge(s): 1
          WARRANT - $384,682.61 FTA/UNPAID RESTITUTION ORDERED ON 07/26/2016
          DONALD H MARDEN , JUSTICE
          FTA FOR MOTION TO ENFORCE RESTITUTION PAYMENTS, CASH BAIL, NO 3RD PARTY
07/28/2016 Charge(s): 1
          WARRANT - $384,682.61 FTA/UNPAID RESTITUTION ISSUED ON 07/28/2016

          FTA FOR MOTION TO ENFORCE RESTITUTION PAYMENTS, CASH BAIL, NO 3RD PARTY
12/07/2016 Charge(s): 1
          WARRANT - FTA/UNPAID RESTITUTION EXECUTED BY AGENCY ON 12/07/2016 at 05:32 p.m.

12/08/2016 BAIL BOND - $1,000.00 UNSECURED BAIL BOND SET BY COURT ON 12/07/2016
      ERIC  WALKER , JUDGE
12/08/2016 BAIL BOND -  UNSECURED BAIL BOND COND RELEASE ISSUED ON 12/07/2016

12/08/2016 HEARING -  MOTION ENFORCE PMT RESTITUTION SCHEDULED FOR 01/27/2017 at 10:00 a.m. in Room No.  1

12/08/2016 HEARING -  MOTION ENFORCE PMT RESTITUTION NOTICE SENT ON 12/07/2016

12/09/2016 BAIL BOND - $1,000.00 UNSECURED BAIL BOND FILED ON 12/09/2016

      Bail Amt:  $1,000
      Date Bailed: 12/07/2016
12/14/2016 Party(s):  WENDY GAGNE
      ATTORNEY -  RETAINED ENTERED ON 12/14/2016

      Attorney:  PETER RODWAY
12/20/2016 OTHER FILING -  FINE PAYMENT SCHEDULE ORDERED ON 12/20/2016

      INSTALLMENT PYMTS: 0;DAILY: F;WEEKLY: F;BI-WEEKLY: F;MONTHLY: F;BI-MONTHLY: F;PYMT BEGIN:
      AT 0;PYMT IN FULL: 20170127 AT 1000;THRU PPO: F;PYMT DUE AMT: 25;PMT DUE: 20170127 AT
      1000;OTHER:
01/17/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION RET UNDELIVERABLE ON 12/27/2016

01/25/2017 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 01/23/2017

      Attorney:  ROBERT SANDY
      MOTION TO DISMISS THE STATE'S MOTION TO ENFORCE PAYMENT OF RESTITUTION
01/27/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION CONTINUED ON 01/27/2017

      NEEDS 90 MINUTES FOR HEARING
01/27/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION SCHEDULED FOR 02/23/2017 at 11:30 a.m. in Room No.  1

01/27/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION NOTICE SENT ON 01/27/2017

03/01/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION CONTINUED ON 02/23/2017

      RESCHEDULE, ATTORNEY DID NOT RECEIVE NOTICE, CASE NEEDS ABOUT 90 MINUTES
03/01/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION SCHEDULED FOR 04/28/2017 at 10:00 a.m. in Room No.  1

03/01/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION NOTICE SENT ON 03/01/2017

03/08/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION RET UNDELIVERABLE ON 02/27/2017

03/16/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION RET UNDELIVERABLE ON 02/06/2017

04/28/2017 HEARING -  MOTION ENFORCE PMT RESTITUTION HELD ON 04/28/2017 in Room No.  1
      WILLIAM  STOKES , JUSTICE
      Attorney:  ROBERT SANDY
      DA:  PAUL CAVANAUGH
      Defendant Present in Court
04/28/2017 MOTION -  OTHER MOTION DENIED ON 04/28/2017 in Room No.  1
      WILLIAM  STOKES , JUSTICE

MOTION TO DISMISS THE STATE'S MOTION TO ENFORCE PAYMENT OF RESTITUTION

04/28/2017 HEARING -   MOTION ENFORCE PMT RESTITUTION SCHEDULED FOR 06/30/2017 at 10:00 a.m. in Room No.   1

04/28/2017 HEARING -   MOTION ENFORCE PMT RESTITUTION NOTICE SENT ON 04/28/2017

04/28/2017 CASE STATUS -   CASE FILE LOCATION ON 04/28/2017

WITH JUSTICE STOKES

04/28/2017 BAIL BOND -   UNSECURED BAIL BOND BAIL RELEASED ON 04/28/2017

Date Bailed: 12/07/2016

04/28/2017 BAIL BOND -   UNSECURED BAIL BOND RELEASE ACKNOWLEDGED ON 04/28/2017

Date Bailed: 12/07/2016

05/04/2017 CASE STATUS -   CASE FILE RETURNED ON 05/04/2017

05/04/2017 ORDER -   COURT ORDER ENTERED ON 05/04/2017
WILLIAM   STOKES , JUSTICE
MOTION TO ENFORCE RESTITUTION IS GRANTED, MOTION TO DISMISS IS DENIED, DEF SHALL PAY $200
PER MONTH BEGINNING IN MAY

## FINE PAYMENT SCHEDULE

Execution/payment stayed to pay in full by 01/27/2017 or warrant to issue.

A TRUE COPY
ATTEST:   _____
                         Clerk